UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1,<br><br>          Plaintiff,<br><br>vs.<br><br>James Abraham, and Vicki Abraham,<br><br>          Defendants. | C/A No. 1:10-1954-MBS-JRM<br><br>Report and Recommendation |

This case was removed to the United States District Court for the District of South Carolina by one of the *pro se* defendants in a state court action. The underlying case in the state court was an action to foreclose a residential mortgage. The removing defendant has not paid the filing fee. Instead, he requests to proceed *in forma pauperis*. (Entry 3).

## **PAYMENT OF THE FILING FEE**:

It appears from financial information submitted that the removing defendant in this civil action should be relieved from any obligation to pay a filing fee. Authorization to proceed without prepayment of fees and costs is **granted**, subject to the Court's right to require a payment if the removing defendant's financial condition changes, and to tax fees and costs against the removing defendant at the conclusion of this case if the Court finds the case to be without merit. *See Flint v. Haynes*, 651 F.2d 970, 972-74 (4th Cir. 1981).

## **FACTUAL BACKGROUND**:

According to the state court complaint, which indicates on its face that it was filed in Aiken County Court of Common Pleas on November 30, 2009 (Case no. 2009-CP-02-2809), the removing defendant is one of two persons allegedly having "an interest" in certain real estate in Aiken County, South Carolina, covered by a mortgage and promissory note that was assigned to the state court plaintiff, Deutsche Bank National Trust Company. The summons provided by the removing defendant does not indicate when it was

served on the defendant, and he does not provide the Court with a date of service within the Notice of Removal that was filed on July 27, 2010 (Entry 1). In that Notice, the removing defendant contends, *inter alia*: (1) that the plaintiff bank's state foreclosure action is "illegal" ; (2) that the state court action violates "RESPA"[1] and "TILA"[2] because the bank "lacks standing" and has been involved in "fraud in the inducement, fraud in the execution, usury, and breaches of contractual and fiduciary obligations, failure to perform, Servicers Abuse and deceptive business practices as Mortgagee or 'Trustee' on the Deed of Trust"; (3) that plaintiff bank violated "15 USC 1692,[3] Rule 60 of the federal Rule of Civil Procedure . . . ."[4]; and (4) that the state court action violates the "14th Amendment of the U.S. Constitution with respect to Due Process of law." There is nothing in the Notice of Removal indicating the actual jurisdictional ground (federal question, 28 U.S.C. § 1331, or diversity, 28 U.S.C. § 1332, or otherwise) on which the removing defendant bases his removal. Furthermore, there is nothing in the Notice of Removal explaining why this removal was not attempted until nearly eight months after the state-court action was filed or why the co-defendant in state court, Vicki Abraham, did not sign the Notice of Removal.

## **DISCUSSION**

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)(collecting

---

[1] This stands for the "Real Estate Settlement Procedures Act," which is found in the United States Code at 12 U.S.C. §§ 2601-2617.

[2] This stands for the "Truth in Lending Act," which is a part of the Consumer Credit Protection Act found in the United States Code at 15 U.S.C. §§ 1601-1667f.

[3] This statute is part of the "Fair Debt Collection Practices Act," which precludes "abusive collection methods."

[4] Rule 60 involves "relief from a judgment or order." The removing defendant does not elaborate on how he believes the state court action violates this rule of federal procedure.

cases); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990).

It is well-settled that a Notice of Removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days *after* the case becomes removable. *See* 28 U.S.C. § 1446; *Heniford v. American Motors Sales Corp.*, 471 F. Supp. 328 (D.S.C. 1979). The state court complaint involved in this removal, according to the stamp that is clearly obvious on the face of the copy that is attached to the Notice of the Removal, was filed in state court on November 30, 2009. There is nothing in any of the removing defendant's submission to this Court indicating *when* he was formally served with the state court complaint. Based on the date of filing, however, even if the Court gives the removing defendant a full month in which to receive service (until December 30, 2009), the removing defendant had until January 29, 2010 to file his Notice of Removal within the thirty day time period. As noted above, however, defendant filed his Notice of Removal on July 27, 2010, which at least without further explanation appears to be nearly six full months late.

Even if the Notice of Removal was not timely filed by the removing defendant, a plaintiff's objection to an untimely removal by a defendant, in certain circumstances, is a waive-able defense *when a federal district court otherwise would have subject-matter jurisdiction.* In other words, if there is federal question jurisdiction or if there is diversity of citizenship over the removed complaint, a plaintiff must file a motion to remand for a procedural default such as a late filing within thirty days after the Notice of Removal was filed. 28 U.S.C. § 1447(c). If a plaintiff does not file a motion to remand within thirty days of the filing of the Notice of Removal, the plaintiff waives all procedural defects in the removal. *In Re Shell Oil Co.*, 932 F.2d 1523, 1527 & nn. 6-7 (5th Cir. 1991). In the instant case, the plaintiff has not yet filed anything in response to the Removal, but the time to do so has not yet elapsed.

Even so, applicable case law and statutory law, including 28 U.S.C, § 1447(c), provide that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. *See Buchner v. Federal Deposit Ins. Corp.*, 981 F.2d 816, 818 (5th Cir. 1993)("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."); *Page v. Wright*, 116 F.2d 449, 451-455 (7th Cir.

1940). *Cf. Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 & n. 15 (1981)(jurisdictional ruling cannot be made prospective only). As a result, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court should still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction evident from the face of the state court complaint and the notice of removal. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008). In the case under consideration, even if the Notice of Removal was not timely filed, and even if the plaintiff bank fails to object to the Removal within the time limits established by 28 U.S.C. § 1447(c), this case must still be remanded to the Court of Common Pleas for Aiken County because no federal jurisdiction is evident from the face of the pleadings. *See* 28 U.S.C. § 1447(c); *Williams v. AC Spark Plugs Div. of General Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993).

Although a federal court is not bound by the parties' characterization of a case or its appropriate parties, a district court must first look at the plaintiff's complaint filed in a state court to determine if either federal question or diversity jurisdiction is present. *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334 (E.D. N.C. 1992). District courts are authorized to disregard such characterizations only to avoid "unjust manipulation or avoidance of its jurisdiction." *Id*. at 334-35. Interestingly, although the removing defendant provides a list of alleged wrongdoing by the plaintiff in connection with the foreclosure action, as previously stated, nowhere does he provide this Court with an explicit jurisdictional basis for his attempted removal. He does not explicitly state that he is removing under federal question or diversity jurisdiction or under any other possibly available federal jurisdiction. Under this circumstance, the state court complaint controls and the presence of a defense based on a federal question does not provide a proper basis for removal. *Fuller v. Evans*, No. 1:05CV00013, 2005 WL 1743955, * 1 (M.D.N.C. March 24, 2005).

Review of the complaint filed by the plaintiff in the Court of Common Pleas for Aiken County discloses no basis for the application of federal question jurisdiction. This is because the original case filed in state court involves a dispute regarding the proper ownership of a parcel of land in the state of South Carolina – it is a basic residential foreclosure action based only on state law. It is settled that such disputes about the rightful ownership of land within a state are matters of state law, unless there is diversity of

citizenship. The fact that the defendant might be able to raise a defense to the foreclosure action based on a federal statute such as RESPA or TILA or on a constitutional amendment such as the Fourteenth Amendment's due process clause does not provide removal jurisdiction so long as the state court complaint is based on purely state law as is the case with the complaint submitted along with the Notice of Removal. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007). *Cf. Cook v. Georgetown Steel Corp.*, 770 F. 2d 1272, 1274 (4th Cir. 1985)(removal jurisdiction cannot be found in defenses to the state court complaint); *Dunn v. Astaris*, LLC, 292 F. Appx. 525, 527 (8th Cir. 2008)(same).

As stated above, the removing defendant does not allege that diversity of citizenship exists to justify this removal. However, even if he did and even if diversity does technically exist between him and the plaintiff bank, which is not totally clear, that still would not provide a proper basis for the removal of this case. Because the removing defendant is clearly a resident of South Carolina, he is barred from removing to federal court in reliance on diversity of citizenship an otherwise state-law-based case filed against him in state court by the "forum defendant rule." 28 U.S.C. § 1441(b). The statute and rule created from it precludes removal on diversity grounds by a state court defendant who is a citizen of the state in which the case was brought. *In re 1994 Exxon Chem. Fire*, 558 F. 3d 378, 393-93 (5th Cir. 2009) (collecting cases). Because there does not appear to any proper basis on which this removal could be considered proper under this Court's federal question or diversity jurisdiction, the case should be remanded to the state court where it originated.

## RECOMMENDATION

The law in this Circuit is unclear whether an order or a Report and Recommendation should be entered in this case, *see Long v. Lockheed Missiles & Space Co.*, 783 F. Supp. 249 (D.S.C. 1992). In *First Union Mortg. Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000), however, the Court of Appeals for the Tenth Circuit held that a remand order is a dispositive action that must be made by a district court to survive Article III scrutiny. Accordingly, for the foregoing reasons, it is *recommended* that this matter be remanded to the Court of Common Pleas for the County of Aiken.

Since this is only a recommendation, IT IS ORDERED that the Office of the Clerk of Court shall <u>not</u> immediately certify this Order to the Court of Common Pleas for Aiken County.  If both parties in this case fail to file written objections to this Report and Recommendation within fourteen (14) days after this document is filed, or, if either party files written objections to this Report and Recommendation within fourteen (14) days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any objections to a United States District Judge for a final disposition.    The parties' attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

August 18, 2010
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>    **Larry W. Propes, Clerk**
>    **United States District Court**
>    **901 Richland Street**
>    **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).