IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1, | ) ) C/A No. 1:10-1954-MBS ) ) |
| Plaintiff, | ) ) |
| vs. | ) **O R D E R** |
| James Abraham and Vicki Abraham, | ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

On November 30, 2009, Plaintiff Deutsche Bank National Trust Company brought the within action in the South Carolina Court of Common Pleas to foreclose a mortgage of real estate given by Defendants James Abraham and Vicki Abraham with respect to certain property in Aiken County, South Carolina. On July 27, 2010, Defendant James Abraham, proceeding pro se and in forma pauperis, removed the action to the district court, alleging that (1) the foreclosure was illegal; (2) the state court action violates the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617; and the Truth in Lending Act, 15 U.S.C. §§ 1601-1667; because Plaintiff lacks standing and has been involved in fraudulent conduct; (3) Plaintiff had violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; and (4) the action is violative of the Fourteenth Amendment of the United States Constitution.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the removal filings and noted, among other things, that Defendant James Abraham had not

alleged a jurisdictional ground to support removal to federal court. The Magistrate Judge noted that he could discern no basis for federal jurisdiction from the face of Plaintiff's complaint, and that federal question jurisdiction cannot be based on defenses to a state court complaint. See Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004) (noting that "the presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint without consideration of any potential defenses") (citing Aetna Health Inc. v. Davila, 524 U.S. 200, 207 (2004)). The Magistrate Judge further noted that it was not clear if diversity jurisdiction exists; however, even if diversity was present, Defendant James Abraham still would be barred from removing the action by the home defendant rule. See 28 U.S.C. § 1441(b). Accordingly, the Magistrate Judge recommended that the case be remanded to state court. No party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

2

The court has carefully reviewed the record and adopts the Report and Recommendation. The within action is remanded to the Court of Common Pleas for Aiken County, South Carolina.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 10, 2010.